E. LEE SCHLENDER, ISBN 1171
2700 Holly Lynn Drive
Mountain Home, Idaho 83647
TEL:  208/587-1999
FAX:  208/587-3535
leeschlender@gmail.com
Attorney for Plaintiff Lorraine Graves

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Lorraine Graves<br><br>Plaintiff,<br><br>Vs.<br>Jon Getz, M.D.  ;<br><br>St. Luke's Regional Medical Center Ltd.:<br>d/b/a;<br>St Luke's Medical Center Meridian and<br>St. Luke's Health Systems,<br>Co-Defendants. | COMPLAINT<br>WITH DEMAND FOR JURY<br>TRIAL |

JURISDICTION

　　Plaintiff is a citizen of the United States and the State of Callifornia, domiciled and residing in Red Bluff, Claifornia.  The named defendants St. Luke's Regional Medical Center Ltd d/b/a St. Lukes Medical Center Meridian and St.Luke's Health Systems.have their principal offices and headquarters in Ada County, State of Idaho. Defendant Getz M.D. is a resident of Meridian, State of Idaho. Defendant St. Luke's Ltd. is an Idaho non-profit corporation or Limited Liability corporation ; a citizen of Idaho with principal place of business in Ada County, State of Idaho.

1. This cause of action for medical malpractice arose in the State of Idaho on March 8, 2012.

2. The amount in controversy is in excess of the jurisdictional limitations and requirements to be heard and lodged in the United States District Court for the District of Idaho, Southern Division, to wit: in excess of seventy five thousand Dollars ($75,000.00). This Court also has federal diversity jurisdiction over all defendants pursuant to 28 U.S.C. SS 1331.

3. This Court has personal and subject matter jurisdiction of this controversy by reason of diversity of citizenship between the Plaintiff and the Defendants; the action arose in the State of Idaho.

4. Plaintiff has complied with Idaho Code Sec. 6-1001, et seq by filing an application for a Prelitigation Hearing only. This complaint is filed as per Taylor v. Chamberlain, 302 P.3d 35, 154 Idaho 695 (Idaho 2013)

## FACTS APPLICABLE TO ALL COUNTS

5. On March 8, 2012 Plaintiff under went surgery at St. Luke's Medical Center, Meridian, Idaho. The surgeon was Jon Getz M.D. defendant herein. It is unknown if defendant Getz was at the time of the surgery an employee of the Defendant St. Luke's; Plaintiff reserves the right to amend this complaint as necessary.

6. The surgery done was to be as per Dr. Getz and the Authorization and Consent for Surgery and Anesthesia was for a Para thyroidectomy only which was for removal of parathyroid glands in the neck. However defendant Getz also removed the thymus gland, which was not consented to nor known to be done by Plaintiff at or prior to the time of surgery; no written or oral consent was given for this additional glad removal and surgery.

7. That medical malpractice was committed by the Defendants which caused permanent and irreparable injury to the Plaintiff in the following particulars which are not exclusive:

    1. Performing a surgery without the patient plaintiff's consent thereto, a thymectomy.

    2. Removing normal parathyroid glands with loss of hormones to the body.

    3. Damaging and paralyzing the vocal cords.

    4. Destroying and/or damaging nerves including but not limited to the recurrent laryngeal nerve.

5. Failure to measure after surgery of two parathyroids prior to entering the chest and removing the thymus.

6. Failure to do an intraoperative assay after removal of abnormal gland tissue leading to additional and unneeded gland removal and surgery.

## COUNT I

Plaintiff realleges the allegations contained in all the prior and subsequent paragraphs of this Complaint.

7. That the medical treatment provided to Lorraine Graves by Defendant Getz M.D. was negligent, reckless and grossly negligent and fell below the applicable standard of care owed to the patient by Defendant Getz. M.D. at the time and place in question. The Defendants acted with an extremely harmful state of mind; by wantonness; deliberate and willful actions and with extreme deviation from normal and acceptable standards; both by the law of negligence and the laws and statutes of the State of Idaho with respect to punitive and exemplary damages.

8. That the negligence of Defendant Getz M.D. was a substantial factor in causing the damages and injuries to plaintiff's normal parathyroid glands and the normal thymus; the permanent damages and injuries to the Plaintiff including but not limited to vocal cord paralysis, loss of hormonal production and all other related losses and injuries therefrom, which are permanent.

## COUNT II

9. Plaintiff realleges the allegations contained in all prior and subsequent paragraphs of this complaint.

10. The Defendant St. Luke's is an was at all time pertinent herein the employer of individuals who participated in the surgery of Lorraine Graves; Defendant St. Luke's in its capacity as the employer who had responsibilities to assure that only the surgery consented to was performed; had the responsibility to not injure nerves nor remove normal glands was vicariously responsible for the negligence of said employees and for all damages and injuries sustained by Plaintiff as a result of the negligent conduct of said employees.

## COUNT III

11. Plaintiff realleges the allegations contained in all prior and subsequent paragraphs of this complaint.

12. The negligence and other wrongful conduct of the defendants as alleged herein were and are the direct and proximate cause of the injuries and damages to the Plaintiff.

## COUNT IV

13. Plaintiff realleges the allegations contained in all prior and subsequent paragraphs of this complaint.

14. That Plaintiff would have chosen no treatment or a different course of treatment had she been adequately informed by Defendant Getz and all employees of the Defendant St. Luke's; that she would have not consented to the procedures and surgery with full and adequate disclosure of the risks had been given at a time prior to surgery.

15. That failure to disclose the risks of surgery; performing surgery for which no consent had been given were and are a direct and proximate cause of the Defendants failure to disclose the risks and alternatives to Plaintiff.

16. That the failure to disclose risks; performance of surgery without a valid consent caused the permanent injuries, related to the material risks that the Defendants failed to disclose.

## DAMAGES

17. 1. Plaintiff realleges the allegations contained in all prior and subsequent paragraphs of this complaint.

18. As a direct and proximate result of each of the Defendants' negligence Plaintiff has sustained both economic and non-economic losses which include but are not limited to past and future medical expenses; loss of wages and other benefits of employment but for the injuries sustained; pain, suffering and the enjoyment of life.

## REQUEST FOR RELIEF

1. That she recover as damages from Defendants the sum of not less than $75.000.00.
2. Recovery for all special and general damages sustained and such punitive and/or exemplary damages as the court and jury deem just.
3. That Defendant pay reasonable attorneys fees and costs.
4. That she recover her costs incurred and to be incurred herein.

4

5. Such other relief as the Court deems just and proper.

A JURY TRIAL IS DEMANDED.

Dated this ____ day of March, 2014.

_____
E. Lee Schlender
Attorney for Plaintiff Lorraine Grave

Graves v. Getz M.D. et al Civil Complaint March 7 2014